**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MISAEL RODRIQUEZ | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 1:17-cv-02391 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| ABSOLUTE RESOLUTIONS CORP.; | ) | |
| ALLTRAN FINANCIAL, LP; and RAZOR | ) | |
| CAPITAL, LLC. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT AND FOR RECONSIDERATION
OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE**

Plaintiff, MISAEL RODRIQUEZ, ("Plaintiff"), pursuant to Federal Rule of Civil

Procedure 59(e), moves to alter or amend the February 22, 2018 Judgment and order dismissing

Plaintiff's FDPCA claims with prejudice (Docket Entry #46, "Order"). Plaintiff respectfully asks

that the Order be altered or amended to deny Defendants' 12(b)(6) Motion to Dismiss and allow

the case to proceed on the merits, and further states as follows:

### Introduction

Plaintiff respectfully asks this court to alter or amend its February 22, 2018 Judgment and

Order dismissing Plaintiff's Amended Complaint with prejudice because it was based on

manifest errors of law. The ruling was delivered as an oral opinion on February 21, 2018 (Dkt.

#45, Transcript), and judgment was entered on February 22, 2018. A rule 59(e) Motion to Alter

or Amend a Judgment is appropriate to correct manifest errors of law or fact. *See, e.g.*, *Sigsworth

v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). A manifest error of law is the

"wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v.

Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The motion also performs a valuable

function and is premised on the principal of judicial economy, as it allows the court to "correct its own errors and thus avoid unnecessary appellate procedure *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Plaintiff respectfully submits that the dismissal of Plaintiff's FDCPA claims is premised on a misapplication of controlling precedent.

## Argument

### I. The Court Misapplied Existing Law

**a. Dismissal is not warranted under 12(b)(6) standards.**

In *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812, 814–15 (7th Cir. 2016), the court held that for claims brought under § 1692e, "Rule 12(b)(6) dismissal on that issue [whether language is confusing or misleading] is appropriate only if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief." It's worth emphasizing the Seventh Circuit reiterated this standard, post-*Twombly/Iqbal*.

In the Seventh Circuit, whether language in a given letter is "false, deceptive, or misleading," in violation of § 1692e is a question of fact. *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The Seventh Circuit has identified three separate categories of debt collection language: (1) language that is plainly and clearly not misleading; (2) language that is not misleading on its face, but has the potential to mislead the unsophisticated consumer; and (3) language that is misleading and deceptive on its face. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *Lox*, 689 F.3d at 822. Dismissal at the 12(b)(6) stage is "only appropriate" in cases involving the first category. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018).

The Seventh Circuit has consistently "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6)

motion because 'district judges are not good proxies for the "unsophisticated consumer" whose interest the statute protects.' " *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 367 (7th Cir. 2018)(citing *McMillan v. Collection Prof'ls., Inc.*, 455 F.3d 754, 759 (7th Cir. 2006)); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016)("not good proxies"); *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)(same).

Dismissal under 12(b)(6) cannot be granted for letters where the language falls into the second or third categories. Moreover, if the language falls into the third category, the plaintiff *will* prevail at the *summary judgment* stage. *Lox*, 689 F.3d at 822. However, the plaintiff will also prevail at summary judgment if the language is determined to have the potential to mislead the unsophisticated consumer (i.e. category two) – this can be shown by extrinsic evidence, the most common example of which is a well-designed consumer survey. *Id.*

The Court's order clearly contemplates that the language in Defendant's letter is *at least* category two: "do you have any **additional evidence** that could prove the case other than the letter?" (Transcript p. 4:16-17)(emphasis added). At the time of the hearing, Plaintiff did not have such extrinsic evidence – because such evidence is only required at trial or the summary judgment stage.

### b. The Order Disregards Existing Case Law

The Court does not engage with any of the case law in Plaintiff's brief – failing to distinguish or even acknowledge Seventh Circuit rulings that are clearly apposite. There are numerous decisions, both at the district and appellate level, which show exactly why Defendant's letter is actionable under § 1692e. For example, "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to

3

pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012). It is undisputed that the IRS would

not and could not be involved in Plaintiff's alleged debt with Absolute and Alltran – because the

debt was under the $600 threshold. Accordingly, in *Foster v. Allianceone Receivables Mgmt.,*

*Inc.,* No. 15-CV-11108, 2016 WL 1719824, at *2 (N.D. Ill. Apr. 28, 2016), the court was

presented with exactly the same set of facts and found that nearly identical IRS language: "could

mislead 'a person of modest education and limited commercial savvy.' As a consumer may

forego his or her rights related to the disputed debt, by settling the matter without negotiation due

to this deception, the statement in question is material." *Id.* Likewise*,* in *Carlvin v. Ditech Fin.*

*LLC*, 237 F. Supp. 3d 753, 754 (N.D. Ill. 2017), a dunning letter made similar ambiguous

references to 'required' reporting 'debt-forgiveness' to the IRS. However, because the debt

collector could not show they *would actually* be required to report any debt forgiveness (because

an exception applied), the letter was materially false, and plaintiff stated a claim under § 1692e.

*Id.* at 758.

### c. *Taylor* is Inapplicable.
In its opinion of February 21, 2018, the court stated what it believed to be the controlling

law:

> The first issue is whether dismissal at the complaint stage is proper. So as
> has been cited in the briefs *Taylor v. Cavalry Inv.* -- Investments, I guess it is,
> L.L.C., 365 F. 3d 572 at 574-75, the Court stated, "The benchmark is the
> understanding of unsophisticated debtors who are frequent targets of debt
> collectors. But a debtor cannot create a triable issue just by submitting an affidavit
> in which he says he misunderstood the dunning letter. If it is apparent from a
> reading of the letter that not even a significant fraction of the population would be
> misled by it, the Court should reject it without requiring evidence beyond the letter
> itself."
> Transcript, p. 4:3-14.

In fact, *Taylor* does not control here. the Seventh Circuit explicitly rejected the

application of *Taylor* and its "not even a significant fraction" language to cases at the dismissal

4

stage (*Taylor* was evaluating a district court's grant of summary judgment). *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006)("Therefore, *Taylor* is not apposite to Ms. McMillan's present claim that the motion to dismiss was improperly granted.")

The Court repeats its reliance on *Taylor*: "So, in my judgment, which I guess is what matters here today is [sic] entirely fantastical to contend that **a significant fraction of the population** would be confused…" (Transcript p. 4:22-24)(emphasis added).  That is not the correct standard in the Seventh Circuit and it is a misapplication of controlling law to dismiss Plaintiff's claim under it.

## II. The Court Misapprehended Plaintiff's Argument as to the Language's Materiality and Did Not Accept as True Factual Allegations

False, deceptive, or misleading language must also be material to state a claim under § 1692e. *Hahn v. Triumph P'hips, LLC*, 557 F.3d 755, 758 (7th Cir. 2009). In discussing whether the language in this case was material, the Court stated that "[m]entioning the IRS in a letter not as any sort of threat or intimidation is no cause for a reasonable consumer to be anxious, nor is there any reason that the advice in the context of this letter would affect the debtor's decision to accept the offer or decline to accept it." (Transcript p. 5:20-23). In the Seventh Circuit, "a statement is material if it would 'influence a consumer's decision…to pay a debt in response to a dunning letter.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018). In both *Foster* and *Carlvin,* cited above, the district courts found the IRS language both misleading and deceptive, *and* material. *Foster,* 2016 WL 1719824, at *2; *Carlvin*, 237 F. Supp. 3d at 758.

Plaintiff has alleged that the IRS language is included *only* to act as a threat or to intimidate by misleading consumers into believing that they would be reported to the IRS. *See,* Dkt. #31 Amended Complaint, ¶¶39-41, 47-48. In considering a 12(b)(6) motion, this Court must

take those allegations as true. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018)("In doing so, we accept as true all factual allegations in the complaint and draw all permissible inferences in plaintiffs' favor.") As an initial matter, 'anxiety' is not a requirement for materiality in the Seventh Circuit. But equally importantly, the Court's dismissal is based on its own characterization of the letter as not 'false, deceptive, or misleading.' This is circular logic: the Court is only able find the IRS language not material because it has *already* decided it was not false or misleading. As shown above, because the Court incorrectly decided that issue, the materiality cannot properly be decided on that basis. But it is also inappropriate because the Court is substituting its subjective judgment for the well-pled allegations of the Plaintiff.

## III. The Court Disregarded Material Facts

Finally, the Court states that: "the statement [regarding IRS requirements] is admittedly true." (Transcript p. 5:11-12). This is incorrect because the Court disregards the fact that Razor Capital would not be reporting anything to the IRS – because Absolute and Alltran admit that Razor Capital was not involved with the debt collection at all. The inclusion of Razor Capital in the letter renders it literally false. Thus, paragraph 43 of Plaintiff's Amended Complaint cannot be disclaimed: "Alltran made a materially false statement…when it stated that Razor may be required by Internal Revenue Code…to issue a form 1099c." (Dkt. #31 ¶43).

## VI. Conclusion

Because the Court misapplied existing law and disregarded material facts in its February 21, 2018 Order, Plaintiff respectfully requests this Court reconsider that Order, and Alter it to Deny Defendant's Motion to Dismiss and allow Plaintiff's claims under the FDCPA to proceed on their merits and for any other relief this Court deems just and proper

Respectfully submitted,

s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha C. Chatman, an attorney, hereby certify that on March 22, 2018, I electronically

filed the foregoing document using the CM/ECF system, which will send notification of such filing

to all attorneys of record.

Respectfully submitted,

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com